AUGUST CARSTENS, APPELLEE, V. JAMES W. ELLER,
APPELLANT.

FILED SEPTEMBER 19, 1900. No. 9,274.

1. **Appraisal of Real Estate:** CONSENT TO SUSTAINING OF MOTION: ES-
   TOPPEL. A plaintiff, by consenting to the sustaining of defend-
   ant's motion to vacate an appraisal of real estate, is not thereby
   estopped from denying that a subsequent appraisal is too low,
   whereby the same property was valued at one-half the sum
   fixd by the first appraisers, where it is not shown that there
   had been no depreciation in the market value of the property
   after the making of the first appraisement.

2. **Authority of Deputy Sheriff.** A deputy sheriff may act for his
   principal in appraising property for sale under a decree of fore-
   closure.

3. **Sale Under Vacated Appraisal.** Property can not be offered for
   sale, or sold, under an appraisement which has been set aside
   by the court.

4. **City Lots:** SEPARATE SALE: NOTICE. Under a decree of foreclos-
   ure which requires that city lots shall be sold separately it is
   not necessary that the published notice of sale should specially
   state that the lots will be offered for sale separately, when
   such notice contains the information that the lots will be sold
   in the manner provided by the decree.

5. **Second Appraisement.** An officer is not required to make a second
   appraisement of real estate until he has twice offered the prop-
   erty for sale.

APPEAL from the district court of Douglas county.
Heard below before IRVINE, J. *Affirmed.*

*James W. Eller,* appellant, for himself.

*Connell & Ives, contra.*

NORVAL, C. J.

This appeal is taken from an order confirming the sale
of real estate made under a mortgage foreclosure. A de-
cree was entered herein on July 30, 1892, which, on ap-
peal, was affirmed at the January term, 1895. 45 Nebr.,

515.   An order of sale was issued October 10, 1895, and each of the twenty-four lots was appraised at $200, by the deputy sheriff and two freeholders called by him.   The defendant filed a motion to set aside the appraisement for the reason that the appraisers were called by the deputy sheriff, and because the appraisement was too low. The lots were sold to the plaintiff for $134 each, who subsequently moved for a confirmation of the sale, and the defendant filed objections to the confirmation.   The court below, the plaintiff consenting thereto, vacated the appraisement and set aside the sale.   Thereafter, on January 18, 1896, a new order of sale was issued, the lots were reappraised by the deputy sheriff and two freeholders, by him summoned for that purpose, at $100 each.   The property was advertised, and there having been no bidders, the order of sale was returned indorsed "Not sold for want of bidders."   July 27, 1896, plaintiff obtained a *pluries* order of sale, under which the lots were sold by the deputy sheriff to the plaintiff for the sum of $67 each. This sale was confirmed, defendant objecting thereto and to the appraisement, and a deed was ordered to be made to the purchaser.

It is urged that the appraisal is too low, and that plaintiff is estopped to deny it.   This argument is based upon the fact that the lots were appraised at a lower sum under the second appraisement than under the first, and that the first appraisement having been set aside as being too low with the assent of plaintiff, he is in no position now to assert that the lots were not valued too low under the last appraisement.   The argument is novel, but is without substantial foundation.   The record fails to show that the first appraisement was vacated on account of the low valuation of the lots, but rather that said appraisement was vacated because the defendant asked it and the plaintiff consented thereto.   Moreover, it is not disclosed that the lots were of the same value when they were last appraised as when the first appraisement was made.   The defendant merely showed that the lots were

unimproved and were in the same condition when the two appraisements were made. But this was insufficient to establish that there had been no depreciation in the market value of the lots, or to impeach the second appraisement. Had the first appraisal been vacated with the assent of the plaintiff, on the ground that the valuation placed on the lots was too low, which is not shown to have been the case, it is manifest that such ruling would not preclude the plaintiff from denying that the second appraisement was too low where the market value of the property was not shown to have been the same at the time of the respective appraisements.

The next objection, that the second appraisement is invalid because made by the deputy sheriff, is without merit. *Nebraska Loan & Building Ass'n v. Marshall*, 51 Nebr., 534. It is, however, argued that by consenting to the sustaining of the motion to vacate the first appraisement, one of the objections thereto being that it was made by the deputy sheriff, the plaintiff is estopped from urging that the deputy sheriff could properly make the last appraisement. This claim is untenable, since the motion to set aside the first appraisement was predicated on more than one ground, and the order fails to disclose the ground on which the first appraisement was set aside.

Equally without merit is the third point made by the defendant, that the property should have been sold under the first appraisement, since the same had already been vacated on motion of defendant. Ordinarily, an officer can make only one appraisement of real estate until he has twice unsuccessfully offered the property for sale. Code of Civil Procedure, sec. 495; *Burkett v. Clark*, 46 Nebr., 466. But this rule does not obtain where an appraisement has been set aside by the court.

Another argument is that the published notice of sale was insufficient, because not in accord with the decree, in that the notice did not state that the lots would be offered separately, nor that the property was to be sold under foreclosure of mortgage. The decree provided that

Carstens v. Iller.

the lots should be appraised and sold separately. They were separately appraised and offered and sold separately. The published notice stated "the above described lots to be sold in the manner provided in said decree." This was sufficient. It was unnecessary that the notice of sale should specifically state that the lots would be offered for sale separately. The published notice was in substance specific.

The fifth objection is obviously barred upon a misapprehension of the record. It in no manner refers to the advertisement and sale in question, but relates to a prior advertisement under which the property was offered, although not sold for want of bidders.

It is also insisted that too long a time intervened between the date of the last appraisement and the first publication of the notice under which the lots were sold. The last appraisal was made January 29, 1896, and the property was advertised immediately thereafter. March 16, 1896, defendant moved to set aside the appraisement, which motion was not passed upon until April 27. A new order of sale was issued July 27, published notice of the sale began on August 5, and the sale was held September 8. It is not disclosed in what manner defendant was prejudiced by the lapse of time between the appraisement and the advertisement under which the sale was made.

The sale is likewise assailed because there was no appraisal made under the last order of sale. The property had been offered for sale only once under the last appraisement. Hence no new appraisement was necessary. *Burkett v. Clark*, 46 Nebr., 466.

No reversible error is revealed by the record, and the order of confirmation is

AFFIRMED.